KAYE, ROSE & PARTNERS, LLP
Bradley M. Rose, Esq. (126281)
Anita M. Eilert, Esq. (133639)
169 South Rodeo Drive
Beverly Hills, California 90212
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

Attorneys for Defendant NCL (BAHAMAS) LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAMON MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>NCL (BAHAMAS) LTD., which will do business in California as NCL (BAHAMAS) SERVICES, LTD., NCL AMERICA, INC., and DOES 1-10, inclusive,<br><br>    Defendant. | **Case No.:   2:18-cv-10090-KS**<br>**Trial Date: Not Set**<br><br>**MEMORANDUM POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Date:  January 23, 2019<br>Time:  10:00 a.m.<br>Place:  Roybal Federal Building, 255 E. Temple St., Los Angeles, CA 90012<br>Courtroom 580<br>Judge:   Mag. Judge Karen Stevenson |

NCL (BAHAMAS) LTD., by and through its undersigned counsel, submits the following Memorandum of Points and Authorities in Support of its Motion for Order Confirming the November 5, 2018 Final Award for Arbitration ("Final Award").

## I.

## **PARTIES**

NCL (BAHAMAS) LTD. ("NCL") is a Bahamian corporation, doing business in California as NCL (BAHAMAS) Services Ltd. which maintains its principal place of business at 7665 Corporate Center Drive, Miami, Florida 33126.

///

Plaintiff RAMON MOORE ("plaintiff"), is an individual who resides in the County of Los Angeles, State of California.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

NCL hired plaintiff as an aerial gymnast aboard its NORWEGIAN JEWEL, a Bahamian flagged vessel ("Vessel"), pursuant to a Seafarers Employment Agreement ("Agreement") signed by plaintiff on May 11, 2013. The Agreement contains an Arbitration provision which provides that any and all disputes arising out of plaintiff's employment with NCL, including "claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise … shall be resolved exclusively by final and binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) ("The Convention")." (See, Declaration of Anita Eilert ¶3 and Exhibit "A" thereto.)

On or about May 27, 2013, plaintiff allegedly sustained personal injuries while employed within the course and scope of his employment aboard the Vessel.

On March 26, 2014, plaintiff filed a Seafarer's Complaint [28 U.S.C. §1916] in the Superior Court of the State of California, County of Los Angeles, entitled *Ramon Moore v. NCL (Bahamas), Ltd., et al.,* LASC Case Number BC540490. The Complaint alleged causes of action against defendant for: (1) Jones Act Negligence; (2) Unseaworthiness; and (3) Willful Failure to Pay Maintenance & Cure and for Unearned Wages and sought damages for alleged personal injuries, lost wages, punitive damages and attorneys' fees and costs arising from the alleged incident.

On December 3, 2014, plaintiff voluntarily dismissed the Complaint in order to submit the matter to binding Arbitration in accordance with the Arbitration Provision set forth in the employment agreement between plaintiff and NCL.

///

On September 29, 2016, plaintiff filed a second Seafarer's Complaint [28 U.S.C. §1916] in the Superior Court of the State of California, County of Los Angeles, entitled *Ramon Moore v. NCL (Bahamas), Ltd., et al.,* LASC Case Number BC635662. This Complaint arises out of the same May 27, 2013 incident and alleges the same three causes of action contained in the March 26, 2014 Complaint. Prior thereto, plaintiff also filed a Notice of Arbitration.

On December 13, 2016, NCL filed a Notice of Petition and Petition to Compel Arbitration and Dismiss the Action with Prejudice pursuant to 9 U.S.C. §206 and The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The New York Convention"). The matter was thereafter transferred to Hon. Gregory Alarcon, Judge of the Superior Court of California, County of Los Angeles. On May 16, 2017, Judge Alarcon granted the motion to compel Arbitration and stayed the state court action pending completion of the Arbitration.

The parties selected by process of elimination attorney Peter Abraham to serve as Arbitrator. As part of his disclosures, Arbitrator Abraham disclosed he had mediated and arbitrated several crewmember and cruise ship cases over the years. Mr. Abraham indicated that "party representatives, law firms or parties" had appeared before him in past arbitrations, further disclosing that he had served and was presently serving as an Arbitrator in several crewmember matters. Arbitrator also Abraham executed an Arbitrator's Oath and Addendum, in which he disclosed he had mediated and arbitrated several crewmember and cruise line passenger cases, over the years with NCL. Arbitrator Abraham also stated had served and was currently serving as an Arbitrator for the ICDR in several crewmember cases with NCL. (See, Declaration of Anita Eilert ¶4, and Exhibit "D" thereto. Pursuant to the International Centre for Dispute Resolution ("ICDR") Rules, the parties had an opportunity to inquire further of Arbitrator Abraham or reject him. (See, Declaration of Anita Eilert ¶4, Exhibit " D"). When no one inquired further or objected to Arbitrator Abraham, he was appointed as the Arbitrator to hear the

matter.

The Arbitration between claimant and NCL was held in Los Angeles, California before Arbitrator Peter Abraham pursuant to The New York Convention (ICDR Case Number 01-16-0004-0018) on May 14-16, 2018. The arbitration lasted three full days and included the testimony of four medical witnesses, two expert liability witnesses and in excess of 3,000 pages of exhibits. (See, Declaration of Anita Eilert ¶5.)

The ICDR notified the parties of Arbitrator Abraham's Final Award on November 5, 2018. (See, Declaration of Anita Eilert ¶6 and Exhibit "B" thereto.) On November 8, 2018, claimant forwarded an email to the ICDR requesting that the Final Award be set aside, and a new Arbitrator appointed based on plaintiff's belated claim that Arbitrator Abraham had failed to disclose he had mediated/arbitrated other matters involving NCL in the past. (See, Declaration of Anita Eilert ¶7 and Exhibit "C" thereto.)

On November 8, 2018, the ICDR requested a response from NCL to plaintiff's email. NCL responded on November 15, 2018 and advised the ICDR that Arbitrator Abraham had disclosed that he had properly disclosed his past dealings on matters involving NCL, having marked "yes" that he had a prior social or professional relationship with the parties or party representatives in this case and "yes" that the parties, party representatives and/or attorneys had previously appeared before him in other matters. (See, Declaration of Anita Eilert ¶8 and Exhibit "E" thereto.)

Plaintiff responded to NCL's letter on November 19, 2018, arguing that Arbitrator Abraham's disclosures were generic, vague and misleading. Plaintiff renewed his request to set aside the Final Award. (See, Declaration of Anita Eilert ¶9 and Exhibit "F" thereto.)

NCL further responded on November 28, 2018. NCL advised the ICDR that plaintiff's request to set aside the Final Award was procedurally improper because

the ICDR does not have the authority or the jurisdiction to vacate or set aside Arbitration Awards. The rules governing the ICDR confirm that ICDR Arbitration Awards "shall be final and binding on the parties" and the parties "waive irrevocably their right to any form of appeal, review or recourse." (International Arbitration Rules, Article 30.) (See, Declaration of Anita Eilert ¶10 and Exhibit "G" thereto.)

On December 16, 2018, the ICDR advised that after careful consideration of the parties' comments, it had no jurisdiction to address claimant's post award challenge to Arbitrator Abraham's impartiality and independence. The ICDR further determined it had no jurisdiction to appoint a new Arbitrator to address claimant's challenge. (See, Declaration of Anita Eilert ¶11 and Exhibit "H" thereto.)

On December 4, 2018, NCL, pursuant to 28 U.S.C. §1441, filed a Notice of Removal of this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. Plaintiff has indicated his intent to move to remand the case back to the Superior Court of the State of California. (See, Declaration of Anita Eilert ¶12.

NCL now moves this Court for an Order Confirming the Final Award and entering judgment accordingly.

### III.
### JURISDICTION AND VENUE

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1331 and The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The New York Convention.") (9 U.S.C. §201 *et seq*.) This is an action to confirm an international arbitral award under the New York Convention, which is a treaty and law of the United States (codified at 9 U.S.C. §§ 201–08), and thus presents a federal question (9 U.S.C. § 203). (*See, KVEN OJSC v. Thunderbolt Enterprises, Ltd.* (N.D. Cal. 2015) 2015 WL 9583351 and (*Kirby Morgan, Inc. v.*

Kaye, Rose & Partners LLP

*Hydrospace, Ltd.* (C.D. Cal. 2009) 2009 WL 32588.)

Venue is proper in the United States Central District of California pursuant to 28 U.S.C. §1331; because plaintiff resides in Los Angeles County, within this judicial district; and because the Final Award was rendered in Los Angeles, California. (*See*, 9 U.S.C. §9.)

## IV.
## FINAL AWARD

In the Final Award, the Arbitrator awarded as follows:

A. Claimant's (RAMON MOORE) claim for damages is denied.

B. Respondent's (NCL (BAHAMAS) LTD.) counterclaim for damages is denied.

C. The parties shall bear their own attorney's fees and their costs of legal representation incurred.

D. The administrative fees of the ICDR totaling US $7,720.00 shall be borne by Respondent as incurred, and the compensation of the Arbitrator totaling US $24,665.59 shall be borne by the Respondent as incurred.

E. This Final Award is in full settlement of all claims submitted to this Arbitration. All claims not specifically ruled on in this Final Award are denied.

(See, Declaration of Anita Eilert ¶6 and Exhibit "B" thereto).

NCL now moves this Court for an order Confirming the November 5, 2018 Final Award. This Petition is timely, as it was filed within three years after the Final Award under the New York Convention was made (9 U.S.C. § 207) and within the one-year statute of limitations contained in the Federal Arbitration Act (9 U.S.C. § 9). Accordingly, the Court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the Final Award specified in the New York Convention. Respondent submits no such grounds exist here.

# V.

# **AUTHORITY TO CONFIRM AWARD**

Pursuant to the New York Convention, a party may petition a district court to confirm a foreign arbitral award. (9 U.S.C. § 207.) The New York Convention and federal law implementing the Convention provide:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

(9 U.S.C. § 207.)

The grounds for refusing to confirm an award are set out in Article V of the New York Convention. 9 U.S.C. § 10 provides that a federal court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(9 U.S.C. § 10(a)(1) – (4).)

1   These defenses are construed narrowly, and the party opposing recognition or enforcement bears the burden of establishing that a defense applies. (*See Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 836 (9th Cir.2010).)

There is a strong public policy favoring confirmation of foreign arbitration awards. (*Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.* 665 F.3d 1091, 1098 (9th Cir. 2011.).) "The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." (*Id.* citing *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).

Here, the Final Award is valid, binding and enforceable. There are no valid reasons to vacate, modify or correct the Final Award. Accordingly, NCL requests this Court confirm the Final Award and enter judgment accordingly.

## VI.
## CONCLUSION

Based on the foregoing, NCL (BAHAMAS) LTD. respectfully requests this Court enter an Order Confirming the Final Award and entering judgment accordingly. A [Proposed] Order confirming the Final Award is filed herewith.

Dated: December 20, 2018          **KAYE, ROSE & PARTNERS, LLP**

By: /s/ Anita M. Eilert
Bradley M. Rose
Anita M. Eilert
Attorneys for Defendant NCL (BAHAMAS) LTD.