**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | |
|---|---|
| Case No.   **CV 18-10090-JFW(SKx)** | Date:  January 29, 2019 |

Title:        Ramon Moore -v- NCL Bahamas Ltd., et al.

---

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**        ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD [filed 1/7/2019; Docket No. 15]

   On January 7, 2019, Defendant NCL Bahamas Ltd. ("Defendant") filed a Motion to Confirm Arbitration Award.  On January 14, 2019, Plaintiff Ramon Moore filed his Opposition.  On January 18, 2019, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 4, 2019 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

   Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  Local Rule 7-3.  Generally, this conference of counsel "shall take place at least seven (7) days prior to the filing of the motion."  *Id.*  "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"  *Id.*  In addition, the Court's Standing Order further provides:

   Counsel should discuss the issues with sufficient detail so that if a motion is still
   necessary, the briefing may be directed to those substantive issues requiring
   resolution by the Court. . . . All 7-3 conferences shall take place via a communication
   method that, at a minimum, allows all parties to be in realtime communication (letters
   and e-mail, for example, do not constitute a proper 7-3 conference). . . . Within three
   days of the conference, counsel shall file a joint statement indicating the date,
   duration, and communication method of the conference and the participants in the

conference. In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining. Failure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or denial of the motion.

Standing Order [Docket No. 8] at § 5(b).

In its Notice of Motion, Defendant represents that:

This motion is made following the conferences of counsel pursuant to L.R. 7-3, which took place on December 31, 2018, pursuant to the Court's Standing Order (Docket No. 8) prior to filing. See also Joint Statement (Docket No. 12). On December 31, 2018, counsel for defendant and plaintiff had substantive discussions in person regarding defendant's intention to re-file the instant motion. After extensive discussions, no resolution was reached.

Notice of Motion [Docket No. 15] at 2.

Despite Defendant's representation to the contrary, Defendant has failed to file the joint statement "detail[ing] the issues discussed and resolved during the conference and the issues remaining," as required by the Court's Standing Order. Indeed, the only joint statement that the parties have filed is entitled "Joint Statement re Motion to Remand and Lack of Subject Matter Jurisdiction" [Docket No. 12]. As its title suggests, that Joint Statement only details counsel's discussions regarding Plaintiff's motion to remand.

This Court maintains a firm policy of reducing unnecessary motion practice and requires strict compliance with Local Rule 7-3 and § 5(b) of the Court's Standing Order. Accordingly, Defendant's Motion to Confirm Arbitration Award is **DENIED without prejudice** for failure to comply with § 5(b) of the Court's Standing Order.

IT IS SO ORDERED.