KAYE, ROSE & PARTNERS, LLP
Bradley M. Rose, Esq. (126281)
brose@kayerose.com
Anita M. Eilert, Esq. (133639)
aeilert@kayerose.com
169 South Rodeo Drive
Beverly Hills, California 90212
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

Attorneys for Defendant NCL (BAHAMAS) LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAMON MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>NCL (BAHAMAS) LTD., which will do business in California as NCL (BAHAMAS) SERVICES, LTD., NCL AMERICA, INC., and DOES 1-10, inclusive,<br><br>        Defendant. | **Case No.:   2:18-cv-10090-JFW (SKx)**<br>**Trial Date: Not Set**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF AMENDED MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Date:  March 11, 2019<br>Time:  1:30 p.m.<br>Place:  United States Courthouse, 350 W. 1st St., Los Angeles, CA  90012<br>Courtroom 7A<br>Judge:  Hon. John F. Walter |

**I.**

**PLAINTIFF DID NOT OPPOSE NCL's AMENDED MOTION TO CONFIRM THE FINAL AWARD AND HAS ESSENTIALLY CONSENTED TO THE CONFIRMATION OF THE AWARD**

Plaintiff RAMON MOORE ("plaintiff") did not file an Opposition to NCL (BAHAMAS), LTD.'s ("NCL") Motion to Confirm the Final Award.  Nor did plaintiff file a Notice of Non-Opposition.  Pursuant to Local Rule 7-9, plaintiff's Opposition, or Notice of Non-Opposition, should have been filed and served no later than 21 days before the March 11, 2019 hearing date, or by February 15, 2019 (as February 18, 2019 was a legal holiday per Federal Rules of Civil Procedure,

Rule 6(a)(6)(A).)

Local Rule 7-12 provides that a court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." It further provides that the "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." (L.R. 7-12.) A party filing any document after the time for filing has expired is also subject to sanctions. (L.R. 7-13.)

This Court's Standing Order, ¶3(b), requires all documents be filed electronically "no later than 4:00 p.m. on the date due" and that any "documents filed electronically after 4:00 p.m. on the date due will be considered late and may be stricken by the Court." (Standing Order ¶3(b).) The Standing Order further provides, in bold print, that the "**[f]ailure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion**." (Standing Order ¶5(g), **emphasis** in original.)

As of the date this reply was drafted, plaintiff has not filed any Opposition to NCL's Amended Motion to Confirm the Final Award. Therefore, the Court should deem plaintiff's failure to respond as consent to the granting of this Amended Motion to Confirm the Final Award.

## II.
## MAGISTRATE KIM HAS RULED ARBITRATOR ABRAHAM'S DISCLOSURES WERE APPROPRIATE

In December 2018 and January 2019, without leave of court, plaintiff served subpoenas on the American Arbitration Association ("AAA") and the International Centre for Dispute Resolution ("ICDR") seeking copies of all documents evidencing the appointment of Peter Abraham in arbitrations or mediations involving NCL or the Kaye, Rose & Partners firm, as well as copies of all checks and invoices evidencing amounts billed and payments received.

Kaye, Rose & Partners LLP

NCL moved to quash plaintiff's third-party subpoenas [Docket 28] and a hearing was set for February 20, 2019 before The Honorable Steve Kim, U.S. Magistrate Judge. Plaintiff opposed the motion, arguing he was entitled to such post-arbitration discovery because he alleged Arbitrator Abraham failed to disclose the cases he had mediated and arbitrated with NCL as a party. [Docket 42.]

On February 16, 2019, Magistrate Kim issued an order granting NCL's Motion to Quash finding that plaintiff had not shown the requisite "clear evidence of impropriety" by Arbitrator Abraham necessary to conduct post-arbitration discovery. [Docket 54.] In his Order, Magistrate Kim concluded that "no one disputes that Abraham affirmatively disclosed that "party representatives, law firms, or parties" in the underlying arbitration "had appeared before [him] in past arbitration cases" and that "he affirmatively disclosed that he has a "professional or social relationship with counsel" or "the firms for which they work." Judge Kim ruled that that "if anything, the 'clear evidence' shows that Abraham made appropriate disclosures before Plaintiff agreed to his selection as arbitrator."

Magistrate Kim concluded that, based on Arbitrator Abraham's checking of the box "YES" to the question of whether the parties, party representatives and/or attorneys had previously appeared before him in other matters, plaintiff "either knew or should have known of the facts indicating the alleged partiality of the arbitrator. (*Dealer Computer Services, Inc. v. Michael Motor Co., Inc.,* 485 Fed.Appx 724, 728 (5th Cir. 2012) ("disclosure sufficient to give notice of potential conflict where arbitration checked "YES" box for the question: "[h]ave any of the party representatives, law firms, or parties appeared before you in past arbitration cases?".) Magistrate Kim concluded that plaintiff's failure to raise an objection prior to the rendering of the arbitration decision precludes the post-arbitration discovery plaintiff sought through the subpoenas.

The issues regarding Arbitrator Abraham's disclosures and alleged bias or

Kaye, Rose & Partners LLP

partiality were litigated and decided by Magistrate Kim in connection with NCL's Motion to Quash. In his February 16, 2019 Order, Magistrate Kim found that Arbitrator Abraham made the appropriate disclosures of his past and ongoing relationship with NCL and found no evidence of partiality on the part of Arbitrator Abraham. Accordingly, NCL urges this Court to similarly find that plaintiff failed to present any evidence of "evident partiality" necessary to defeat NCL's Motion to Confirm the Final Award.

## III.
## CONCLUSION

Plaintiff has not, and cannot, meet the threshold criteria of establishing "evident partiality" necessary to defeat NCL's Amended Motion to Confirm the Final Award. Accordingly, in conformance with the strong public policy favoring confirmation of foreign arbitration awards, NCL requests this Court recognize and confirm the Final Award and enter judgment accordingly.

Dated: February 25, 2019

**KAYE, ROSE & PARTNERS, LLP**

By: /s/ Anita M. Eilert
Bradley M. Rose
Anita M. Eilert
Attorneys for Defendant NCL
(BAHAMAS) LTD.