#:1209

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 18-10090-JFW(SKx)** | Date:  February 27, 2019 |
| Title: | Ramon Moore -v- NCL Bahamas Ltd., et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS (IN CHAMBERS):   **ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD [filed 2/4/2019; Docket No. 46];**

**ORDER GRANTING DEFENDANT NCL BAHAMAS LTD.'S AMENDED MOTION TO CONFIRM ARBITRATION AWARD [filed 2/8/2019; Docket No. 50]**

On February 4, 2019, Plaintiff Ramon Moore ("Plaintiff") filed a Motion to Vacate Arbitration Award.  On February 11, 2019, Defendant NCL (Bahamas) Ltd. ("NCL") filed its Opposition.  On February 19, 2019, Plaintiff filed a Reply.

On February 8, 2019, NCL filed an Amended Motion to Confirm Arbitration Award.  Plaintiff did not file an Opposition.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearings calendared for March 4, 2019 and March 11, 2019 are hereby vacated and the matters taken off calendar.

After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

NCL hired Plaintiff as an aerial gymnast aboard its NORWEGIAN JEWEL, a Bahamian flagged vessel ("Vessel"), pursuant to a Seafarers Employment Agreement ("Employment Agreement") signed by Plaintiff on May 11, 2013.  The Employment Agreement contains an

Arbitration provision which provides that any and all disputes arising out of Plaintiff's employment with NCL, including "claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise . . . shall be resolved exclusively by final and binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) ('The New York Convention')." On or about May 27, 2013, Plaintiff allegedly sustained personal injuries while employed within the course and scope of his employment aboard the Vessel.

On March 26, 2014, Plaintiff filed a Seafarer's Complaint [28 U.S.C. § 1916] in Los Angeles Superior Court, entitled *Ramon Moore v. NCL (Bahamas), Ltd., et al.*, LASC Case Number BC540490, against NCL for (1) Jones Act Negligence; (2) Unseaworthiness; and (3) Willful Failure to Pay Maintenance & Cure and for Unearned Wages. Plaintiff sought damages for alleged personal injuries, lost wages, punitive damages, and attorneys' fees and costs arising from the alleged incident. Plaintiff voluntarily dismissed the Complaint in order to pursue arbitration.

On September 29, 2016, Plaintiff filed a second Seafarer's Complaint in Los Angeles Superior Court, entitled *Ramon Moore v. NCL (Bahamas), Ltd., et al.*, LASC Case Number BC635662. On December 13, 2016, NCL filed a Petition to Compel Arbitration, and, on May 16, 2017, the court granted the Petition and stayed the state court action pending completion of the arbitration. The arbitration was to be conducted pursuant to the New York Convention and the rules of the International Centre for Dispute Resolution ("ICDR").

On January 12, 2017, the ICDR sent a letter to counsel acknowledging that the list of arbitrators previously provided had "resulted in no matches" with respect to an arbitrator. On January 17, 2017, the ICDR forwarded the resumes of three additional arbitrators, one of whom was Peter Abraham. When discussing the three new potential arbitrators with Plaintiff's counsel, Plaintiff was advised that NCL's counsel, Kaye, Rose & Partners, had never before mediated/arbitrated a case with Mr. Abraham. On February 2, 2017, counsel for NCL informed the ICDR that Plaintiff and NCL had agreed to select Peter Abraham as the arbitrator.

On February 7, 2017, Peter Abraham (the "Arbitrator") provided Plaintiff and NCL with his required disclosures. As part of his disclosures, the Arbitrator checked the box "yes" next to the following two disclosure questions: (4) Have you had a professional or social relationship with any parties or witnesses identified to date in this proceeding or the entities for which they work?; and (9) Have any of the party representatives, law firms or parties appeared before you in past arbitration cases? For the checked boxes, the Arbitrator was requested to "describe the nature of the potential conflict(s)." In response, the Arbitrator made the following additional disclosures: "I answered 'yes' to Number 4, as I have mediated and arbitrated several crew-member, and cruise line passenger cases, over the years;" and "I answered 'yes' to Number 9, as I have served (and I am currently serving) as an Arbitrator (all ICDR cases) in several crew-member cases."

Pursuant to ICDR rules, the parties had until February 22, 2017 to either inquire further regarding the Arbitrator's disclosures or object to his appointment. The deadline passed and, on February 23, 2017, the ICDR notified the parties that it had not received any further inquiries or objections to the appointment of the Arbitrator.

The Arbitration was held on May 14-16, 2018 in Los Angeles, California before Mr. Abraham

(ICDR Case Number 01-16-0004-0018). On November 5, 2018, the ICDR notified the parties of the Arbitrator's Final Award, which denied each of Plaintiff's claims for monetary damages. On November 8, 2018, Plaintiff emailed the ICDR requesting that the Final Award be set aside and a new arbitrator be appointed based on his claim that the Arbitrator had failed to disclose that he had mediated/arbitrated other matters involving NCL in the past and had taken on other cases involving NCL after his appointment in this case. The ICDR advised the parties that it had no jurisdiction to address Plaintiff's post-arbitration award challenge to the Arbitrator's impartiality and independence. The ICDR also determined that it had no jurisdiction to appoint a new arbitrator.

On December 4, 2018, NCL filed a Notice of Removal, removing Plaintiff's second Seafarer's Complaint to this Court.

On February 4, 2019, Plaintiff filed this Motion to Vacate Arbitration Award, seeking to vacate the Arbitrator's Final Award pursuant to 9 U.S.C. § 10 on the grounds that: (1) the Arbitrator failed to disclose his past professional or social relationships with NCL; and (2) the Arbitrator failed to disclose at least 3 additional matters involving NCL that he agreed to arbitrate after his appointment in the underlying arbitration.

## II.   LEGAL STANDARD

The parties agree that Section 10 of the Federal Arbitration Act ("FAA") governs Plaintiff's Motion to Vacate Arbitration Award. Section 10 of the FAA authorizes an order vacating an arbitration award on the following limited grounds:

(1)   where the award was procured by corruption, fraud, or undue means;

(2)   where there was evident partiality or corruption in the arbitrators, or either of them;

(3)   where arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)   where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a). These limited grounds for vacating an arbitration award address "egregious departures from the parties' agreed-upon arbitration." *Hall Street Asscoiates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008).

## III.   DISCUSSION

Plaintiff argues that the award should be vacated because "there was evident partiality . . . in the arbitrators." 9 U.S.C. § 10(a)(2). "Evident partiality is present when facts are not disclosed by an arbitrator create a 'reasonable impression' of partiality." *Fidelity Federal Bank, FSB v. Durga MA Corp.*, 386 F.3d 1306, 1312 (9th Cir. 2004) (quoting *Schmitz v. Zilvetti*, 20 F.3d 1043, 1046

(9th Cir. 1994)).  "In nondisclosure cases, a showing of actual bias is not required." *Id.* "The party challenging the arbitration decision has the burden of showing partiality." *Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 427 (9th Cir. 1996)

The Court concludes that Plaintiff has failed to meet his burden of demonstrating evident partiality.  Specifically, the Court concludes that: (1) the Arbitrator made appropriate disclosures before Plaintiff agreed to his selection as arbitrator; and (2) in any event, Plaintiff waived his right to seek vacatur on the basis of evident partiality.

It is undisputed that the Arbitrator affirmatively disclosed that "party representatives, law firms, or parties" in the underlying arbitration had "appeared before [him] in past arbitration cases." It is also undisputed that the Arbitrator affirmatively disclosed that he had a "professional or social relationship" with the "parties or witnesses identified to date in this proceeding or the entities for which they work."  As the magistrate judge found in his recent order granting NCL's Motion to Quash Plaintiff's Third-Party Subpoenas, "if anything, the 'clear evidence' shows that [the Arbitrator] made appropriate disclosures before Plaintiff agreed to his selection as arbitrator." Magistrate Judge's Order [Docket No. 55] at 1.

Moreover, "[i]f there was any ambiguity in [the Arbitrator's disclosures], it was Plaintiff's burden to seek clarification or additional details before agreeing to his selection." Magistrate Judge's Order [Docket No. 55] at 1; *see Am. Brokerage Network v. Am. Gen. Life Ins. Co.*, 744 Fed. App'x 388, 388 (9th Cir. 2018) (general disclosure of relationship triggered "duty to inquire" about specifics of disclosed relationship); *Dealer Computer Servs., Inc. v. Michael Motor Co.*, 485 Fed. App'x 724, 728 (5th Cir. 2012) (disclosure sufficient to give notice of potential conflict where arbitrator checked "YES" box for the question: "[h]ave any of the party representatives, law firms, or parties appeared before you in past arbitration cases?").  Indeed, as the Ninth Circuit has held, "a party with constructive knowledge of potential partiality of an arbitrator waives its right to challenge an arbitration award based on evident partiality if it fails to object to the arbitrator's appointment or his failure to make disclosures until after an award is issued."  *Fidelity Federal Bank, FSB v. Durga MA Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004).  Based on the Arbitrator's undisputed disclosures, Plaintiff "either knew or should have known of the facts indicating partiality of an arbitrator but failed to raise an objection prior to the arbitration decision." *Id.*  Accordingly, the Court concludes that Plaintiff has waived his right to challenge the Final Award based on evident partiality of the Arbitrator.

The fact that the Arbitrator failed to disclose that he agreed to arbitrate three additional matters involving NCL during the course of the arbitration does not affect the Court's decision, especially in light of the fact that the additional three matters evidence the same type of relationship that the Arbitrator had previously disclosed. Plaintiff was aware or should have been aware that the Arbitrator had a relationship with NCL yet failed to object, and should not now be allowed to disturb the Final Award on the basis of that relationship.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate Arbitration Award is **DENIED**.  For those same reasons, NCL's Amended Motion to Confirm Arbitration Award is **GRANTED**.

The parties shall meet and confer and prepare a joint proposed Judgment which is consistent with the Court's Order. The parties shall lodge the joint proposed Judgment with the Court on or before **March 5, 2019.** In the unlikely event that counsel are unable to agree upon a joint proposed Judgment, the parties shall each submit separate versions of a proposed Judgment along with a declaration outlining their objections to the opposing party's version no later than **March 5, 2019.**

IT IS SO ORDERED.